IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew P. Turner, | ) | C/A No. 0:14-228-DCN-PJG |
|                 Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
|                 Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Matthew P. Turner, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

PJG

    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform his past relevant work; and

    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



**ADMINISTRATIVE PROCEEDINGS**

In November 2010, Turner applied for DIB and SSI, alleging disability beginning June 1, 2008. Turner's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on June 21, 2012, at which Turner, who was represented by Timothy Clardy, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on August 28, 2012 concluding that Turner had not been disabled from June 1, 2008 through the date of her decision. (Tr. 15-28.)

Turner was born in 1978 and was twenty-nine years old at the time of his alleged disability onset date. (Tr. 145.) He has a high school education and past relevant work experience as a dish washer, an electrician's helper, a security person, and a stock person at a retail store. (Tr. 241, 258.) Turner alleged disability due to memory loss. (Tr. 254.)

In applying the five-step sequential process, the ALJ found that Turner had not engaged in substantial gainful activity since June 1, 2008—his alleged onset date. The ALJ also determined that Turner's depression, social anxiety, attention deficit hyperactivity disorder ("ADHD"), personality disorder with schizoid features, and poor short term memory were severe impairments. However, the ALJ found that Turner did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Turner retained the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: perform simple, repetitive, and routine tasks with corresponding instructions; perform work at a relatively slow (non-production) pace; and have minimal contact with the general public.

(Tr. 22.) The ALJ found that Turner was unable to perform any past relevant work, but that there were jobs that existed in significant numbers in the national economy that Turner could perform. Therefore, the ALJ found that Turner was not disabled from June 1, 2008 through the date of her decision.

Turner submitted additional evidence to the Appeals Council, which denied his request for review on December 24, 2013 making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Turner raises the following issues for this judicial review:

I. The ALJ's residual functional capacity finding is not supported by substantial evidence where the ALJ committed reversible error in failing to provide adequate reasons to reject the opinions of Dr. Ronald C. Reece, Claimant's treating psychologist.

II. The ALJ failed to properly assess Claimant's mental residual functional capacity as required by SSR 96-8p and SSR 85-15.

III. The ALJ's residual functional capacity finding is not supported by substantial evidence where the ALJ committed reversible error in failing to provide any reason for rejecting the lay testimony of Claimant's father, Thomas W. Turner.

IV. The Appeals Council failed to properly evaluate the new evidence before it.

V. The ALJ erred when she ignored the testimony of the vocational expert that there is no work that Claimant can perform upon a proper consideration of all of Claimant's limitations.

(Pl.'s Br., ECF No. 16.)

**DISCUSSION**

Turner raises several issues for this judicial review; however, the court finds that remand is warranted based on the Commissioner's failure to properly consider the evidence presented by Turner's father both to the ALJ and to the Appeals Council. The failure to properly consider this evidence impacts several of Turner's other issues, and therefore, the court addresses this issue first.

In addition to evidence from acceptable medical sources, the ALJ "may" use evidence from other non-medical sources, such as evidence from spouses, parents, and friends, to show the severity of a claimant's impairment(s) and how it affects his or her ability to work. 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4); SSR 06-03p, 2006 WL 2329939, at *2. "[I]nformation from [non-medical sources] may be based on special knowledge of the individual and may provide insight



into the severity of the impairment(s) and how it affects the individual's ability to function[;]" however, in considering evidence from these sources, "it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06-03p, 2006 WL 2329939, at *2, *6.

The parties agree that "[w]here a lay witness's testimony merely repeats the allegations of a plaintiff's own testimony and is likewise contradicted by the same objective evidence discrediting the plaintiff's testimony, specific reasons are not necessary for dismissing the lay witness's testimony." Plowden v. Colvin, No. 1:12-cv-2588-DCN, 2014 WL 37217, at *18 (D.S.C. Jan.6, 2014) (citing Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir. 1995); Carlson v. Shalala, 999 F.2d 180 (7th Cir. 1993); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992); Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984)). However, the parties disagree as to whether the testimony and evidence from Turner's father merely repeats Turner's testimony. Upon review of the transcript, the court finds that the testimony and evidence from Turner's father provides additional substantial information and insight into Turner's claims and his ability to function. For example, while Turner indicated on a Function Report that he is capable of doing housework with occasional reminders and implies he can manage his finances as long as he uses only cash (Tr. 305, 306-07), his father testified that during the period that Turner lived alone, Turner required a great deal of assistance. Tuner's father and mother had to give Turner direction on what to buy and when to buy it, remind him to pay his bills, and at times, pay his bills for him. (Tr. 60.) Turner's father also provided additional information concerning Turner's work history, discussing Turner's inability to hold a job beyond a short period of time and explaining Turner's problems on the job, the reasons for Turner's repeated

terminations, and the history of Turner's mental limitations beginning with Turner's premature birth. (Tr. 61-67.)

The ALJ fails to acknowledge or otherwise discuss any of Turner's father's testimony regarding Turner's inability to maintain gainful employment for more than a few months or successfully live on his own.  In this case, with regard to Turner's father's testimony, the ALJ merely stated "[f]inally, at the hearing, the claimant and his father testified to similar complaints and alleged limitations."  (Tr. 23.)  Earlier in the decision, the ALJ also mentioned that "at the hearing, the claimant and his father testified that the claimant also worked out and played basketball at home; visited with his nieces and nephews; helped his father cut the grass on a riding lawn mower; helped plant flowers; and drove to and from work."  (Tr. 21.)  As an initial matter, it unclear whether the ALJ considered the more limiting testimony of Turner and his father as it is not mentioned in the ALJ's decision.  Further, these two statements are insufficient to comply with applicable law in evaluating Turner's father's testimony.  Moreover, the court is unable to determine whether the ALJ's decision is supported by substantial evidence in light of this error.  Therefore, the court is constrained to recommend that this matter be remanded for further consideration of this evidence.

Further, as argued by Turner, additional evidence was submitted to the Appeals Council consisting of a letter from Turner's father.  This letter provides additional statements that directly address some of the factual findings by the ALJ.  For example, multiple times in the decision the ALJ observed that Turner was currently employed and has continued to work.  Turner's father explains that as Turner's ninety days of employment approached Turner was let go on July 30, 2012 and that "[t]his job loss is a repeat of the many, many before."  (Tr. 377.)  Turner's father further states that Turner "has to have continuous and uninterrupted supervision and direction or his focus becomes jumbled and everything comes apart."  (Tr. 378.)  Turner's father indicates that Turner



"continues to seek employment as his faith pushes him to believe that everyman has to work or he is no good," but Turner "will never have a long term job due to his mental shortcomings."  (Id.) Turner's father explains that Turner

> cannot fully understand and carry the responsibility of responding to the ever[] changing demands of a full time job.  He has limited eye hand coordination and mechanical resourcefulness.  Understanding directions of any kind is a challenge for [Turner].  He can be "instructed" and shown and after 4 to 8 eight times he may get it.  But, somewhere down the line, a day, two days or [a] week, he will have jumbled it all up and he will draw a blank.  Additionally, [Turner] becomes exhausted after 4 to 6 hours of work and it denigrates his ability to even worse to work productively.

(Id.) Similarly, in evaluating the evidence, the ALJ emphasized the finding that Turner "testified that he worked successfully for a period of time at Ryan's and left for a better job at Greenville Tech.  It appears that the record shows this happened with other jobs, where he left a job voluntarily for another job, and did not quit or was fired for poor performance."  (Tr. 21; see also Tr. 25.)  Turner's father explains that Turner "did leave a job at Ryan's restaurant for a better job at Greenville Technical College.  But, [Turner] was fired from most all of his other jobs or quit because of pressure to leave, and he takes the hints well.  He does not like the word 'fired' so he covers it up to save face.  He did attempt to obtain work again at Ryan's, amongst many various potential employers, but was refused re-employment."  (Tr. 378.)  This new evidence, which the Appeals Council summarily stated it considered but found it did not provide a basis for changing the ALJ's decision, provides additional support for remanding this matter for further consideration. See Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011) (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits).

**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

December 4, 2014  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).