**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| MATTHEW P. TURNER, | ) | |
| | ) | No. 0:14-cv-00228-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Paige J. Gossett's Report and

Recommendation ("R&R") that this court reverse and remand Acting Commissioner of

Social Security Carolyn Colvin's decision denying plaintiff's application for disability

insurance benefits ("DIB") and supplemental security income ("SSI"). The

Commissioner filed objections to the R&R. For the reasons set forth below, the court

rejects the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.    Procedural History

Plaintiff Matthew P. Turner ("Turner") filed an application for DIB and SSI on

November 16, 2010, alleging disability beginning on June 1, 2008. The Social Security

Agency denied Turner's claim initially and on reconsideration. Turner requested a

hearing before an administrative law judge ("ALJ"), and ALJ Ann G. Paschall held a

hearing on June 21, 2012. The ALJ issued a decision on August 28, 2012, finding Turner

not disabled under the Social Security Act. Turner requested Appeals Council review of

1

the ALJ's decision.  The Appeals Council declined to review the decision, rendering the

ALJ's decision the final action of the Commissioner.

On January 27, 2014, Turner filed this action seeking review of the ALJ's

decision.  The magistrate judge issued an R&R on December 4, 2014, recommending that

this court reverse and remand the ALJ's decision.  The Commissioner filed objections to

the R&R on December 22, 2014 and Turner responded to the Commissioner's objections

on January 9, 2015.  The matter is now ripe for the court's review.

### B.    Medical History

Because Turner's medical history is not relevant to the disposition of this case, the

court dispenses with a lengthy recitation thereof and instead notes a few relevant facts.

Turner was born on October 7, 1978, and was 29 years old on the alleged onset date.

Turner received a high school diploma and attended various post-secondary schools,

although he was unsuccessful in these pursuits.  Turner has past relevant work experience

as a dishwasher and custodian, among other jobs.

### C.    ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process

to determine whether Turner was disabled from June 1, 2008 through August 28, 2012.

The ALJ first determined that Turner had not engaged in substantial gainful activity

during the relevant time period.  Tr. 17.  At the second step, the ALJ found that Turner

suffered from the following severe impairments:  depression, social anxiety, attention

deficit hyperactivity disorder, personality disorder with schizoid features, and poor short

term memory.  Id. at 18.  At step three, the ALJ determined that Turner's impairments did

not meet or equal one of the listed impairments in the Agency's Listing of Impairments

("the Listings").  Id.; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  Before reaching the

fourth step, the ALJ determined that Turner had the residual functional capacity ("RFC")

to perform a full range of work at all exertional levels with the following nonexertional

limitations:  "perform simple, repetitive, and routine tasks with corresponding

instructions; perform work at a relatively slow (non-production) pace; and have minimal

contact with the general public."  Tr. 22.  The ALJ found, at step four, that Turner was

unable to perform any of his past relevant work.  Tr. 26.  Finally, at step five, the ALJ

determined that considering Turner's age, education, work experience and RFC, he could

perform jobs existing in significant numbers in the national economy, and therefore

concluded that he was not disabled during the period at issue.  Tr. 27-28.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the

magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. §

636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of

the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The

recommendation of the magistrate judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court.  Mathews v. Weber, 423

U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits

"is limited to determining whether the findings of the [Commissioner] are supported by

substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of

evidence but may be somewhat less than a preponderance."  Id.  (internal citations

omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.   DISCUSSION

In Turner's intitial brief, he alleged five errors by the ALJ.  The magistrate judge considered two of these alleged errors and recommended that the court reverse and remand the Commissioner's decision on the basis of those two errors.  The Commissioner objects to the R&R on two grounds, arguing the magistrate judge erred in:  (1) finding that the ALJ failed to comply with applicable law in evaluating the testimony of Turner's father; and (2) finding that the case must be remanded for consideration of a letter submitted by Turner's father to the Appeals Council.  The court considers each objection in turn.

### A.     Testimony of Turner's Father

The Commissioner first objects to the magistrate judge's determination that the ALJ failed to adequately discuss the testimony of Thomas Turner ("Thomas"), Turner's father, regarding Turner's inability to maintain gainful employment for more than a few months or successfully live on his own.  Comm'r's Objections 4-6.

When making a pain and credibility assessment, an ALJ "must consider the entire case record, including . . . statements and other information provided by . . . other persons about the symptoms and how they affect the individual."  SSR 96-7p (emphasis added).

4

Other persons may include non-medical sources such as spouses, parents, caregivers, siblings, other relatives, friends, neighbors, and clergy.  20 C.F.R. § 404.1513(d).  These lay witnesses "may provide [statements] about how the symptoms affect [a claimant's] activities of daily living and [her] ability to work . . . ."  20 C.F.R. § 404.1529(a).  In considering evidence from these sources, "it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06-03p.  The Ruling emphasizes that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain."  Id.

Generally, the ALJ must "explain the weight given to these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."  Id.  The Fourth Circuit has recently emphasized that while the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(1), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."  Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)); see also Russell v. Chater, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (per curiam) (explaining that the Fourth Circuit has not "establish[ed] an inflexible rule requiring an exhaustive point-by-point discussion in all cases").

Here, the ALJ noted that "at the hearing, the claimant and his father testified to similar complaints and alleged limitations." Tr. 23. The ALJ found, "[a]fter a careful consideration of the evidence," that Turner's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." Id. The ALJ provided an extensive analysis of the evidence in the case, including medical records, opinion evidence, and Turner's activities of daily living. Id. at 23-26.

The magistrate judge found the ALJ's analysis insufficient because Thomas's testimony "provides additional substantial information and insight into Turner's claims and his ability to function," and in failing to discuss this testimony, "it is unclear whether the ALJ considered the more limiting testimony of Turner and his father." R&R 6-7. As an initial matter, after reviewing the hearing testimony, the court determines that the ALJ was correct in noting that both Turner and Thomas testified to similar complaints and alleged limitations.[1] Moreover, to require the ALJ to distinguish every difference between Turner's testimony and Thomas's testimony would be akin to "an inflexible rule requiring an exhaustive point-by-point discussion in all cases." Russell, 1995 WL 417576, at *3.

The Fourth Circuit has instructed that when "[t]he Commissioner, through the ALJ and Appeals Council, state[s] that the whole record was considered," a court should

---

[1] The only potentially significant difference noted by the magistrate judge concerns Turner's ability to manage is own finances. The magistrate judge concluded that Thomas's assertion that Turner required "a great deal of assistance" with finances, Tr. 60, was contrary to Turner's statement that he could manage his finances as long as he used cash. R&R 6. However, in the function report cited by the magistrate judge, Turner indicates that he is not able to pay bills or use a checkbook. Tr. 306. It is not clear that Thomas's testimony conflicts with the function report. Regardless, Turner's ability to manage finances was not a central component of the ALJ's decision.

6

"take her at her word" "absent evidence to the contrary." Reid, 769 F.3d at 865. The

ALJ here indicated that she considered the entire record. See Tr. 22 ("After consideration

of the entire record . . . ."). Moreover, immediately after discussing the similarity

between Turner's and Thomas's testimony, the ALJ determined that "[a]fter careful

consideration of the evidence, I find that some of the claimant's medically determinable

impairments could reasonably be expected to cause the alleged symptoms; however, the

claimant's statements concerning the intensity, persistence and limiting effects of these

symptoms are not credible to the extent they are inconsistent with the above [RFC]

assessment." Tr. 23 (emphasis in original). There is no evidence that, although explicitly

acknowledging Thomas's testimony and comparing it to Turner's testimony, the ALJ

then disregarded Thomas's testimony in coming to her decision.

While the ALJ's discussion of Thomas's testimony is not overly detailed, the

court is able to "follow the adjudicator's reasoning," as required by SSR 06-03p. It is

apparent that because both Turner and Thomas testified to similar complaints and alleged

limitations, the ALJ found that the same evidence that discounted Turner's testimony also

discounted his father's testimony. Therefore, the court finds that the ALJ's discussion of

the testimony of Turner's father was sufficient.

### B.    Appeals Council's Consideration of Thomas's Letter

Next, the Commissioner objects to the magistrate judge's determination that the

case must be remanded for consideration of a letter written by Thomas which he

submitted to the Appeals Council. Comm'r's Objections 6.

If "dissatisfied" with an ALJ's decision, a claimant "may request that the Appeals

Council review that action." 20 C.F.R. § 404.967. When a claimant requests review of

an ALJ decision, the Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to [the ALJ]." Id. The regulations permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council. 20 C.F.R. §§ 404.968, 404.970(b). In such cases, the Appeals Council first determines if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." Id. § 404.970(b). Confronted with such new and material evidence, the Appeals Council then "evaluate[s] the entire record including the new and material evidence." Id. After this evaluation, if the Appeals Council finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record," id., it will grant the request for review and either issue its own decision on the merits or remand the case to the ALJ. Id. §§ 404.967, 404.977(a), 404.979. But if upon consideration of all the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review. Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011). Nothing in the Social Security Act or regulations requires that the Appeals Council explain its rationale for denying review. Id.

Here, Turner submitted a letter written by his father to the Appeals Council. The letter indicates that Turner had been fired from the job he had been working at the time of the ALJ hearing and that the restaurant where Turner had worked before, which he quit to pursue a higher paying job, would not rehire him. Tr. 377-78. Turner's father also opined as to why Turner was unable to hold a job. Id. The Appeals Council found that

this letter did not "provide a basis for changing the [ALJ's] decision" and denied Turner's

request for review.  Tr. 2.

In reviewing the Appeals Council's evaluation of new and material evidence, the

touchstone of the Fourth Circuit's analysis has been whether the record, combined with

the new evidence, "provides 'an adequate explanation of [the Commissioner's]

decision.'"  Id. at 707 (quoting DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983)).

That is, a court should affirm the Commissioner's decision where it can conclude that it is

supported by substantial evidence, and it should remand the case to the ALJ where, on

consideration of the record as a whole, it cannot determine whether the ALJ's denial of

benefits is supported by substantial evidence.  Id.

Meyer is illustrative.  In that case, the claimant's treating physicians had a policy

not to provide opinion evidence in Social Security proceedings.  Meyer, 662 F.3d at 703.

The ALJ determined that the claimant was not disabled and emphasized that "[g]iven the

claimant's allegations of totally disabling symptoms, one might expect to see some

indication in the treatment records of restrictions placed on the claimant by a treating

physician," yet a "review of the records . . . reveals no [such] restrictions."  Id.  After the

ALJ denied benefits, the claimant was able to obtain an opinion from one of his treating

physicians and submitted it to the Appeals Council, which found that the letter did not

provide a basis for changing the ALJ's decision.  Id. 703-04.

The Fourth Circuit, remanding the case for further administrative proceedings,

emphasized the weight afforded to the opinion of a treating physician and the fact that

there was no other record evidence as to the opinion of a treating physician.  Id. at 706.

The court noted that the "evidentiary gap" required remand for the ALJ to assess the probative value of competing evidence.  Id.

This case is distinguishable from Meyer.  As an initial matter, much of Thomas's letter, such as the discussion of why it was difficult for Turner to hold a job, merely repeats evidence already before the ALJ.  Compare Tr. 62-66 (Thomas's hearing testimony), with Tr. 377-78 (Thomas's letter).  As noted by the magistrate judge, Thomas's letter does indicate that Turner lost the custodial job he had been working at the time of the hearing and, at many points in her decision, the ALJ notes that Turner was employed as a janitor at the time of the hearing.  See Tr. 18, 23, 25, 26.  However, the ALJ's decision indicates that she was fully aware of Turner's checkered employment history.  Tr. 17-18.  After a lengthy recitation of Turner's past jobs, the ALJ found that "although this work does not rise to the level of [substantial gainful activity]," these jobs "indicate that the claimant's [activities of daily living] are more than he has indicated at times."  Tr. 18.  Additionally, Turner acknowledged at the hearing that he has been fired from roughly 15 jobs since 1997.  Tr. 42.

The fact that Turner was let go from his job as a custodian does not fill an "evidentiary gap" and is not "missing evidence," as was the treating physician's letter in Meyer.  See Meyer, 662 F.3d at 707.  Indeed, here the ALJ has already "made . . . findings" as to Turner's vocational volatility and "reconcile[d] that evidence with the conflicting and supporting evidence in the record."  See id.  Therefore, the court finds that Thomas's letter does not warrant remand.

Because the court finds that the two grounds relied on by the magistrate judge do not require remand, the court considers Turner's remaining allegations of error from his initial brief.

### C.    Dr. Reece's Opinion

Turner contends that the ALJ erred by failing to provide adequate reasons to reject the opinions of Dr. Ronald C. Reece, Turner's treating psychologist.  Pl.'s Br. 12.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).  "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  Craig, 76 F.3d at 590.  In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."  Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors:  (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion.  20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006).  However, the Fourth Circuit has not mandated an express discussion

11

of each factor and another court in this district has held that "an express discussion of

each factor is not required as long as the ALJ demonstrates that he applied the . . . factors

and provides good reasons for his decision."  Hendrix v. Astrue, No. 1:09-cv-1283, 2010

WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give

"good reasons" for weight given to treating source's opinion).  A district court will not

disturb an ALJ's determination as to the weight to be assigned to a medical opinion,

including the opinion of a treating physician, "absent some indication that the ALJ has

dredged up 'specious inconsistencies' . . . or has not given good reason for the weight

afforded a particular opinion."  Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th

Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

The ALJ afforded Dr. Reece's opinions "little weight."  Tr. 26.  The ALJ

determined that Dr. Reece's opinions regarding Turner's limitations were inconsistent

with other evidence in the record, including the following facts:  Turner lived on his own

for several years; Turner was able to complete IQ and other testing; Turner's activities of

daily living; Turner has never been hospitalized for his mental health impairments;

Turner did not seek treatment until over a year after his alleged onset date; once Turner

sought treatment, it was conservative treatment on an inconsistent basis; Turner's mood

and concentration improved on his medications with no alleged side effects; and Turner

has continued to work and look for jobs.  Tr. 26.

Given the litany of reasons the ALJ gave for discounting Dr. Reece's opinions,

Turner's allegation of error is essentially an invitation to the court to reweigh the

evidence and come to its own conclusion.  Such reweighing of the evidence is not within

the province of this court.  See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

12

(holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). The ALJ was not required to give Dr. Reece's opinion controlling weight because she found that it was inconsistent with other substantial evidence. Moreover, there is no indication that the ALJ dredged up specious inconsistencies in discounting Dr. Reece's opinion.

Therefore, the court declines to reweigh the evidence and instead finds that the ALJ's weighing of Dr. Reece's opinion is supported by substantial evidence.

### D.    RFC Determination

Next, Turner argues that the ALJ failed to properly assess his RFC because she did not consider the impact that his impairments had on his functional ability. Pl.'s Br. 16. Turner contends that the RFC did not take into account limitations with respect to working with stress, maintaining attention/concentration, and interacting with co-workers, which were limitations included in Dr. Thompson and Dr. Kofoed's opinions that the ALJ gave great weight. Id. at 17.

However, the ALJ accommodated for these limitations by limiting Turner to "simple, repetitive, and routine tasks with corresponding instructions . . . at a relatively slow (non-production) pace . . . [with] minimal contact with the general public." Tr. 22. Additionally, neither job identified by the vocational expert requires more than minimal contact with co-workers. See Campbell v. Colvin, No. 3:13-CV-58, 2013 WL 3992597, at *11 (N.D. Ohio Aug. 5, 2013) ("A review of the relevant DOT listings reveals that, even if Plaintiff were limited to superficial interactions with coworkers . . . she would be able to perform the positions of Laundry Worker, Domestic (DOT 302.685–010)."); Morris v. Colvin, 2014 WL 788991, at *5 (D. Del. Feb. 26, 2014) (affirming the ALJ

13

where a vocational expert testified that an individual who could only perform jobs that were "low stress, low concentration, low memory" and had "little interaction with the public, coworkers, or supervisors" could be an "inspector").

The court finds no error in the ALJ's determination of Turner's RFC.

### E.    Vocational Expert Testimony

Finally, Turner argues that the ALJ erred by ignoring testimony of the vocational expert, which indicated that there is no work that Turner can perform.  Pl.'s Br. 23.  This argument is based on the hypotheticals Turner's counsel gave the vocational expert based on Dr. Reece's opinions.  See Tr. 70-72.  However, the ALJ did not adopt the limitations expressed in Dr. Reece's opinions.  When the ALJ gave the vocational expert a hypothetical based on the RFC she ultimately adopted, the vocational expert indicated that there are at least two jobs that Turner would be able to perform:  laundry with housekeeping and inspector.  Tr. 69-70.

The ALJ did not err in her analysis of the vocational expert's testimony.

### IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 23, 2015**
**Charleston, South Carolina**

14